UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANLAN KEMPER BARD COMPANIES, an Oregon corporation, ROYAL INSURANCE COMPANY OF AMERICA, an Illinois corporation,<br><br>    Third-Party Plaintiffs,<br><br>  v.<br><br>EMG, INC., a Maryland corporation,<br><br>    Third-Party Defendant.<br><br>AND RELATED CROSS-ACTION | No. C-03-1003 SC<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT |

## I. INTRODUCTION

Third-Party Plaintiffs Scanlan Kemper Bard ("SKB") and its insurer Royal Insurance Company of America ("Royal" collectively, "Plaintiffs") initiated this action to recover from Third-Party Defendant Environmental Management Group, Inc. ("EMG" or "Defendant") monies that SKB and Royal paid to settle an action brought by property owners against SKB. On May 18, 2005, this Court issued an Order denying EMG's motion for summary judgment and granting EMG's motion for summary adjudication, clearing the way for this matter to go to trial beginning April 10, 2006. SKB and Royal have now moved for leave to file a Third Amended Complaint so as to include a cause of action for Fraud - Concealment. EMG does not oppose the motion provided that the

April 10 trial date is vacated and rescheduled for sometime after July 31, 2006, and the parties are given the opportunity to conduct additional discovery and schedule a motion for summary judgment. For the reasons set forth herein, Plaintiffs' motion is DENIED and the parties are hereby ORDERED to comply with the pretrial schedule set forth in this Court's prior orders.

## II. BACKGROUND

A full accounting of the facts and circumstances that gave rise to this litigation have been set forth in prior Orders of this Court, familiarity with which is presumed. For purposes of the instant motion, the following recapitulation will suffice.

Plaintiff SKB is a real estate merchant bank located in Portland, Oregon. SKB identifies potential commercial real estate investment properties and lines up investors to acquire the properties. Defendant EMG is a firm that conducts property condition assessments and evaluations for prospective purchasers of commercial real estate.

In 2000, SKB identified the Orinda Theater Square as a potential investment. The Orinda Theater Square is a large commercial complex located in Orinda, California. It includes the Orinda Theater as well as several other buildings housing business and retail tenants.

SKB entered into a purchase agreement with the sellers of the Orinda property on June 8, 2000. As part of the due diligence prior to purchase, SKB hired EMG to conduct a property inspection of the Orinda Theater Square property. SKB and EMG entered into a written contract (the "Property Inspection Contract"), and SKB

2

1 agreed to pay EMG $6,000.00 for its property inspection services.
2 On April 5 and 6, 2000, an EMG representative conducted the
3 inspection of the Orinda property and subsequently prepared a
4 "Property Condition Evaluation" dated July 20, 2000.  The
5 evaluation stated that the building was in "good overall
6 condition" and estimated that the property required $17,855.00 in
7 immediate repair costs, $17,500.00 in short term expenditures and
8 $173,000.00 in long term reserves.

9 In the Fall of 2001, extensive water damage was discovered
10 throughout the Orinda property.  This damage was repaired at a
11 cost of at least $3 million.  In 2003, investors Steven Thomas and
12 Main Street Holdings sued SKB for failing to conduct adequate due
13 diligence.  SKB, through its insurer Royal, settled with the
14 investors for $3 million.  As part of this settlement, Main Street
15 Holdings, Steven Thomas and Orinda Investments assigned to Royal
16 any and all claims they might have against the property inspector,
17 EMG.

18 SKB and Royal in turn filed a complaint against EMG.  In the
19 Second Amended Complaint, SKB and Royal alleged breach of the
20 Property Inspection Contract, negligence, negligent
21 misrepresentation and fraud in the inducement of the Property
22 Inspection Contract.  In an Order dated May 18, 2005, this Court
23 denied EMG's motion for summary judgment and granted EMG's motion
24 for summary adjudication.  The Court ruled that, with the
25 exception of SKB's claim for fraudulent inducement, Plaintiffs'
26 claims are subject to a limitation of liability clause in the
27 Property Inspection Contract that caps EMG's liability at
28

3

1  $50,000.00.  Plaintiffs now assert that after "examin[ing] [the
2  Court's] ruling and its implications, and consider[ing] the facts
3  that have been developed through discovery," they should be
4  granted leave to file a third amended complaint that alleges a
5  claim of "Fraud - Concealment," which, SKB contends, will not be
6  subject to the liability limitation.  See Plaintiffs' Memorandum
7  in Support of Motion to Amend Complaint at 6 ("Pls.' Mem.").

### III. LEGAL STANDARD

9  Federal Rule of Civil Procedure 15(a) provides, in relevant
10 part, that "a party may amend the party's pleading only by leave
11 of court or by written consent of the adverse party; and leave
12 shall be freely given where justice so requires."  Factors that
13 the Court must consider in its determination of whether to grant
14 leave to amend include (1) undue delay; (2) bad faith; (3)
15 futility of the amendment; and (4) prejudice to the opposing
16 party.  Hurn v. Retirement Fund Trust, 648 F.2d 1252, 1254 (9th
17 Cir. 1981).  Such decisions are subject to review only for abuse
18 of discretion.  Id.

### IV. DISCUSSION

20 Although it is not often that courts deny leave to amend a
21 complaint where the adverse party has not opposed the motion, the
22 Court finds that several factors weigh in favor of denying SKB's
23 motion.  First, and perhaps most importantly, Plaintiffs readily
24 admit that their proposed Third Amended Complaint will not present
25 an additional cause of action based on recently discovered facts.
26 See Pls.' Mem. at 5-6.  Rather, Plaintiffs seek to recast facts
27 already plead into the mold of a cause of action Plaintiffs assert

1  will not be subject to the limitation on liability.  However, the
2  facts that allegedly support this new cause of action for
3  fraudulent concealment are virtually identical to the facts SKB
4  has relied on to support its claim of fraudulent inducement.  That
5  claim is already before the Court and, as recognized by the
6  Court's May 18, 2005 Order, is not subject to the $50,000.00
7  liability cap.  See Docket #213.
8      The Court finds that to allow Plaintiffs leave to file a
9  Third Amended Complaint would be futile, as the success or failure
10 of Plaintiffs' claim for fraud will ultimately turn on the same
11 facts as Plaintiffs now contend support their claim for fraudulent
12 concealment.  In short, Plaintiffs, perhaps surprised at the fact
13 that the Court ruled that the liability limitation clause was
14 enforceable with respect to their claim for negligent
15 misrepresentation, now seek to circumvent that ruling by recasting
16 the same facts as supportive of an alternative cause of action.
17 Whatever Plaintiffs' reasons were for refraining from bringing a
18 claim for fraudulent concealment, Plaintiffs cannot argue that
19 those reasons have been impacted by the course of discovery, as
20 Plaintiffs readily admit that the proposed amendment was not the
21 result of new facts uncovered in discovery, but rather the result
22 of over seven months of considering the implications of this
23 Court's May 18, 2005 Order.
24     In addition, the Court notes that only now, with the close of
25 discovery imminent and the trial scheduled to begin in
26 approximately two months, do Plaintiffs seek to file a Third
27 Amended Complaint.  The Court finds that this delay is undue, as
28

5

1  Plaintiffs have had ample time to determine which causes of action
2  it should assert.  Indeed, Plaintiffs acknowledged the potential
3  for a claim for fraudulent concealment in their Opposition to
4  EMG's motion for summary judgment, but did not act on that
5  potential until long after the Court determined that the
6  $50,000.00 liability limitation was enforceable.  Any additional
7  delay in connection with resolution of this case is unwarranted,
8  especially where the facts that allegedly support the new claim
9  have long been known to Plaintiffs.

## V.  CONCLUSION

Given the fact that Plaintiffs' proposed claim of fraudulent concealment will not provide an avenue of relief separate and apart from the already pending claim for fraudulent inducement, and that the Court deems any further delay of this matter undue, Plaintiffs' motion for leave to amend its complaint is hereby DENIED.  The parties are ORDERED to comply with the Court's pre-trial schedule as has been set forth in previous Orders.

IT IS SO ORDERED.

Dated: February 7, 2006

UNITED STATES DISTRICT JUDGE